The Supreme Court affirmed the decision of the Common Pleas on May 26, 1884, in the following opinion per;
Gordon, J.
This was an action of trespass guare clausum fregit brought to *114 recover the price of certain iron ore which the plaintiff, William L. Jones, charged had been unlawfully taken by the defendant from his premises, situate in Tuscarora Township, Perry County. From the statement of the plaintiff in error, defendant below, it appears that, in 1840, David Strawbridge was the owner of the land on which the alleged trespass was committed, and that, on the 13th of January, 1841, he, by a deed of that date, conveyed the same to John E. Forster, reserving and excepting, nevertheless, as follows: “Excepting the iron ore banks which are on the west side of said tract of land. The said Strawbridge and wife reserve to them, their heirs and assigns, with free ingress, ■egress and regress, to go upon the said tract of land, dig, take and haul away at all times, except when such entry will injure the grain growing thereon.” Jones, the plaintiff below, now owns the Forster title, whilst Rounsley, the defendant, claims the right to enter and take the ore under and by virtue of a lease from Rooke & Co., who are the owners of the reservation, as •above stated. Rounsley’s entry was from the east line of the tract, and his contention is that the expression in the exception, “the west side of said tract of land,” does not mean the west line of the survey and the land lying along it, but all the land, lying westwardly of a meredian. line to be run through the 'middle of the tract. As the tract is much longer than wide, and lies in the direction northwest and southeast, the effect of this construction would be, not -only to throw the northern end of the plat into the reservation, but also parts of both the western and eastern sides, thus embracing the whole of the ore veins. The Court below refused to adopt a construction of this kind, and gave the jury certain instructions, which form the subject of the defendant’s complaint in this Court. In these instructions, it was held, that, taking the language of the reservation, which, if the words thereof were to be regarded as at all doubtful, was to be construed most strongly against the grantor, and most favorably to the grantee, there was clearly but a reservation of so much of the ore as was to bo found on the western side of the .said tract. The learned judge fortifies this conclusion by calling attention to the obvious intent of the parties as manifested by the addition, after the writing of the deed and before its execution, of the words “west side of,” thus rebutting, in the strongest *115 possible manner, the defendant’s present contention, which, in effect, requires exactly what was in the deed before the amendment, and which the contracting parties, by the insertion of the interlined words, declared was not their agreement. As to this, we cannot see how the Court can bo convicted of error. The canon of construction which it adopted was undoubtedly correct. If the language of the reservation be considered as at all doubtful, the grantee is entitled to the benefit of the doubt, and if, in this case, the rule does not apply, it is because the deed presents no ambiguity. Moreover, the adoption of the meridian line theory is but an ingenious device to avoid the effect of the interlineation, and to make the deed read as it did before the addition of the interlined words. This theory is, however, more plausible than sound, not only because it overrides the expressed intention of the parties, but also because it introduces a false standard of construction. The parties were talking, not of the east and west sides of a meredian line, but of the east and west sides of the tract of land, and there could be no greater perversion of their intent than thus to substitute for the eastern and western sides the northern and southern ends of the premises about which they were bargaining. Whatever else their design may have been, we think we may safely say, that they never wittingly designed such an utter inversion of common language as this. Tet, on this unsubstantial foundation the defence was made to depend, and, when this failed, there was nothing left by which to justify the trespass, or to defeat the claim of the plaintiff.
The judgment is affirmed.